UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA MASSEY,

    Plaintiff,

v.                                                              Case No. 04-CV-70451-DT

RAYTHEON TECHNICAL SERVICES
COMPANY, LLC,

    Defendant.
                                                             /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT**

The court has diversity jurisdiction to decide this breach of contract, premises liability, and negligence action pursuant to 28 U.S.C. §1332. Before the court is Defendant's unopposed "Motion to Dismiss And/Or for Summary Judgment," filed April 29, 2005.[1] For the reasons set forth below, the court will grant Defendant's motion.

---

[1] A motion filed on April 29, 2005, required a response not later than May 23, 2005. Fed. R. Civ. P. 6(e); E. D. Mich. L R 7.1(d)(1(B). The court's case manager thereafter recorded "numerous attempts" to contact Plaintiff's attorney by telephone to note his failure to respond to the motion. On or about June 14, 2005, more than three weeks after the filing deadline had passed, the case manager alerted the parties that the court had cancelled oral argument. Only on the next day did Plaintiff file a response, and it was not accompanied by a motion for leave to file late or any explanation for the delay. The court has stricken Plaintiff's untimely response, and will not consider it. See *U.S. v. Reyes* 307 F.3d 451, 457 (6th Cir. 2002)("[T]he district court took the unusual step of calling Claimant's counsel to notify him that he had missed a filing deadline by several weeks, and then allowing him to file a late response [ ]. Counsel still did not respond. Such disregard of the graciousness of the district court can be considered contumacious.")

## I.  BACKGROUND

The incident that precipitated this action occurred on or about February 7, 2002. (Pl.'s Compl. at ¶ 3.)  Plaintiff, Rhonda Massey alleges that she slipped and fell on hard-to-see "black ice" while stepping from the parking lot of the Tank-Automotive and Armament Command Building 249 ("TACOM") up to the sidewalk leading to the building.  (*See* Pl.'s Dep. at 11; Pl.'s Compl. at ¶ 3-8; Def.'s Mot. at 2.)  At the time of the incident, Plaintiff was employed by the Associated Industries for the Blind ("AIB") as a clerk in an office supply store, which was located in Building 249 of the TACOM facility.  (Def.'s Mot. at 1.)  Plaintiff's vision is compromised such that she is considered "legally blind."  Plaintiff was accompanied by a friend, Donna Dugeon.  (Def.'s Mot. at 2; Pl.'s Dep. at 11; Dugeon Dep. at 14-15.)

At the time of the incident, Defendant Raytheon Technical Services Company LLC, ("Raytheon") had a maintenance contract to remove snow and ice at the TACOM facility with the United States of America, which operated the TACOM facility.  (Pl.'s Compl. at ¶ 2, 4; Def.'s Mot. at 3.)  The contract provides, in pertinent part:

> 4.14.3.  Snow and Ice Removal. The contractor shall perform snow and ice removal services for all roads, drives, sidewalks, parking lots, streets, steps, entrance ways and handicapped ramps.  The Contractor shall conduct inspections of all areas after removing snow and ice and remove any remaining snow and ice.
>
> 4.14.3.1.  Snow and Ice Removal Time Criteria.  During normal duty hours, the Contractor shall begin removal immediately if snowfall is expected to exceed one (1) inch as forecasted by the U.S. Weather Service.  If a snowfall is forecast to be one inch or less in accumulation, the Contractor shall use his discretion as to when snow removal shall commence subject to the conditions contained herein.  During non-duty hours, after one-inch accumulation of snow, the Contractor shall begin snow removal.  During either duty or non-duty hours, the Contractor shall not allow small accumulations to become a safety hazard.  The Contractor is responsible for monitoring the U.S. Weather Service Weather Channel

> on a 24-hour basis.  The Contractor shall propose a backup forecast source through the COFR to the Contracting Officer for written approval.  The Contractor shall remove snow less than or up to six inches continuously within a maximum period of eight (8) hours for each individual accumulation.  The Contractor shall remove snow greater than six inches continuously within a maximum period of thirty-six (36) hours for each individual accumulation.  Times shall be computed from the time the last snow has fallen.  The Contractor shall clear all sidewalks, steps, ramps, and handicapped ramps before 0530 hours if there is a nighttime snowfall and continuously clear during the day to preclude safety hazards.

(Def.'s Mot., Ex. 5 at 7.)

Plaintiff alleges that Defendant breached this contract and that she is a third-party beneficiary of the agreement.  (Pl.'s Compl. at ¶ 10-11.)  In addition, Plaintiff argues that, at all relevant times, Defendant had exclusive possession and control over the TACOM premises and that Defendant was negligent for failing to remove snow and ice.  (*Id*. at ¶ 5, 9, 10.)  Plaintiff alleges that she suffered severe and serious injuries as a result of her fall.  (*Id*. at ¶ 6; Def.'s Mot. at 2.)

Plaintiff filed her Complaint with the Macomb County Circuit Court in Michigan on January 5, 2004, and Defendant filed its Notice of Removal with this court on February 9, 2004.  Plaintiff seeks damages for medical costs, pain and suffering, and diminished earning capacity.  (Pl.'s Compl. at ¶ 12-16.)  As noted above, *see* footnote 1, pursuant to E.D. Mich. L. R. 7.1(d)(1)(B), Plaintiff had until May 23, 2005 to respond to Defendant's April 29, 2005 "Motion to Dismiss and/or for Summary Judgment," but failed to do so.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has

carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id*. at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486,492 (6th Cir. 2004) ("we must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'") The court does not weigh the evidence to

determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "A fact not contested in the response is deemed uncontroverted." *See Scheduling Order,* section 14(g) [Dkt. #13].

### III.  DISCUSSION

### A.  Breach of Contract

The Michigan third-party beneficiary statute, Mich. Comp. Laws § 600.1405, provides in relevant part that:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something *directly to or for said person*.
>
> (2) (a) The rights of a person for whose benefit a promise has been made, as defined in (1), shall be deemed to have become vested, subject always to such express or implied conditions, limitations, or infirmities of the contract to which the rights of the promisee or the promise are subject, without any act or knowledge on his part, the moment the promise becomes legally binding on the promisor, unless there is some stipulation, agreement or understanding in the contract to the contrary.

Mich. Comp. Laws § 600.1405(1)-(2) (emphasis added). But, the mere fact that a third-party incidentally benefits from a contract does not equate to third-party beneficiary status. *See Willis v. New World Van Lines, Inc.*, 123 F. Supp.2d 380, 381 (E.D. Mich. 2000). *See also Fultz v. Union-Commerce Assoc.,* 683 N.W.2d 587, 595 (Mich. 2004)

(citing *Koenig v. South Haven,* 597 N.W.2d 99, 105-106 (Mich 1999)). Instead, "[t]hird-party beneficiary status requires an express promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Dynamic Const. Co. v. Barton Malow Co.* 543 N.W.2d 31, 33 (Mich. Ct. App. 1995) (citing *Fishbach-Natkin, Inc. v. Shimizu America Corp.*, 854 F. Supp. 1294, 1303 (E.D. Mich. 1994)). *See also Riley v. Ameritech Corp., Inc.*, 147 F. Supp.2d 762, 774 (E.D. Mich. 2001) (reinforcing the need for an express promise); *Schmalfeldt v. North Point Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (the promisor must make a promise directly to or for third-party). Although, a "third-party beneficiary may be a member of a class. . . the class must be sufficiently described. . ." and " this of course means that the class must be something less than the entire universe, e.g., the public. . . ." *Koenig,* 597 N.W.2d at 106 (internal quotations omitted).

In its motion, Defendant asserts that Plaintiff is not a third-party beneficiary of Raytheon's snow removal contract, and Defendant submits evidence that the snow removal contract at issue contains no express provisions that designate Plaintiff (or a class of which Plaintiff is a member) as an intended beneficiary to the contract. (Def.'s Mot. at 12-14; *see generally* Def.'s Fact App. at Ex. 5 (Contract).)

Plaintiff, in failing to respond to the motion, has also failed to offer any evidence that an express promise (i.e., written or verbal) was made which designates Plaintiff as a third-party beneficiary of Raytheon's snow removal contract. Plaintiff, in her complaint, *asserted* that she was a third-party beneficiary, but provided no evidence there either to support that proposition. (Pl.'s Compl. at ¶ 11.) Accordingly, no reasonable juror could find by a preponderance of the evidence that Plaintiff is a third-

party beneficiary of Raytheon's snow removal contract.  There is no genuine issue of fact for a jury to determine, and Defendant is entitled to summary judgment on this issue pursuant to Fed. R. Civ. P. 56 as a matter of law.

### B.  Premises Liability

Premises liability is conditioned upon both exclusive possession and control over the property.  *Derbabian v. Mariner's Pointe Assoc. Ltd. P'ship*, 644 N.W.2d 779, 783 (Mich. Ct. App. 2002).  This is so because "[t]he man in possession is in a position of control, and normally best able to prevent any harm to others."  *Merritt v. Nickelson*, 287 N.W.2d 178, 180 (Mich. 1980)  The Michigan Supreme Court has defined a "possessor" of land as:

> (a) a person who is in occupation of the land with intent to control it or
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* at 181; *See also Orel v. Uni-Rak Sales Co., Inc.,* 563 N.W.2d 241 (Mich. 1997). Black's Law Dictionary defines "control" as "the direct or indirect power to direct the management and policies of a person or entity, whether through ownership of voting securities, by contract, or otherwise; the power or authority to manage, direct, or oversee."  *Id*. at 181; Black's Law Dictionary (8th ed. 2004).

Defendant points out that it did not have exclusive possession and control over the TACOM property.  (Def.'s Mot. at 8.  *See generally* Def.'s Fact Appx. at Exhibit 5 (Contract).)  Instead, Defendant says, it was merely granted access to remove snow and was not given the authority to possess or exclude others from the property.  *Id.* There is no evidence in the record known to the court that contradicts this assertion.

Even if Defendant were imagined to somehow "exclusively possess and control" the property on those occasions that it was actively removing snow from TACOM's premises, there is no evidence that Defendant was on TACOM's premises and engaged in those activities at the time that the incident occurred. Accordingly, Raytheon is not liable to Plaintiff under the theory of premises liability and this component of the claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### C. Negligence

Finally, Plaintiff's negligence claim must be dismissed pursuant to the recent Michigan Supreme Court decision of *Fultz v. Union-Commerce Association,* 683 N.W.2d at 590. In *Fultz*, the plaintiffs brought a negligence claim against both the parking lot owner and the snow removal contractor. The *Fultz* plaintiffs claimed that the contractor had breached its "common law duty to exercise reasonable care in performing its contractual duties." *Id*. at 590. In its analysis of the plaintiffs' claims, the Michigan Supreme Court stated that "the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligation." *Id*. at 592. The *Fultz* court concluded that:

> If [a] defendant fails or refuses to perform a promise, the action is in contract. If defendant negligently performs a contractual duty or breaches a duty arising by implication from the relation of the parties created by the contract, the action may be either in contract or in tort. In such cases, however, no tort liability arises for failing to fulfill a promise in the absence of a duty to act that is separate and distinct from the promise made.

*Id.* at 593. Plaintiff fails to allege that Defendant had a duty independent of its contractual obligation to TACOM to remove snow from the TACOM facility. Without a

8

duty as a matter of law, there is no statement of a claim for a jury to determine, and Plaintiff's negligence action must be dismissed as a matter of law pursuant to Fed. R. Civ. P. 12.

### IV.  CONCLUSION

IT IS ORDERED that Defendant's Motion to Dismiss and/or for Summary Judgment [Dkt. # 30] is GRANTED.

      S/Robert H. Cleland               
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 27, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Teets                     
Case Manager and Deputy Clerk
(313) 234-5522