UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA MASSEY,

    Plaintiff,

v.                                                  Case No. 04-CV-70451-DT

RAYTHEON TECHNICAL SERVICES
COMPANY, LLC

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S
"MOTION FOR RECONSIDERATION"**

Pending before the court is Plaintiff's "Motion for Reconsideration," filed July 7, 2005. For the reasons stated below, Plaintiff's motion will be denied.

## I. BACKGROUND

This matter arises from the slip and fall accident of Plaintiff Rhonda Massey at the parking lot of the Tank-Automotive and Armament Command Building 249 ("TACOM") on or about February 7, 2002. (*See* Pl.'s Compl.) Ms. Massey allegedly suffered serious injuries as a result of this accident. (*See Id.*) In her complaint, Plaintiff argued that she is a third-party beneficiary to a snow-removal contract between the United States of America and Defendant Raytheon Technical Services Company LLC ("Raytheon"), and Raytheon breached this contract. (Pl.'s Compl. at ¶¶ 10 -11.) Furthermore, Plaintiff argued that, at all relevant times, Defendant had exclusive possession and control over the TACOM premises so that it is appropriate to hold Defendant responsible for premises liability, and Defendant was negligent for failing to remove snow and ice. (Pl.'s Compl. at ¶¶ 5, 9, 10.)

On April 29, 2005, Defendant filed its "Motion to Dismiss and/or for Summary Judgment." Pursuant to Fed. R. Civ. P. 6(e); E.D. Mich. L. R. 7.1(d)(1)(B), Plaintiff was required to respond to this motion no later than May 23, 2005. The court did not receive Plaintiff's response by the May 23, 2005 deadline. Although not required, the court's case manager contacted Plaintiff's counsel on at least two occasions (on June 8, 2005 and June 14, 2005) to remind Plaintiff's counsel that the deadline for filing a response had passed. Nonetheless, Plaintiff failed to file response until June 15, 2005, well past the May 23, 2005 deadline established by this court's local rules. This response was not accompanied by a motion for leave to file late or any explanation for its delay. Accordingly, on June 27, 2005, the court entered judgment in favor of Defendant on its "Motion to Dismiss and/or for Summary Judgment," without considering Plaintiff's late-filed response. Plaintiff now seeks reconsideration of that court order.

## II.  STANDARD

Rule 7.1 (g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997). Under

the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgement or order." E.D. Mich. LR 7.1(g)(1).

### III.  DISCUSSION

Plaintiff's counsel asserts, among other things,[1] that he believed his response was timely filed pursuant to Michigan Court Rule 2.116. Plaintiff's reliance, however, is misplaced. (Pl.'s Mot. For Reconsideration at 2.) "Federal courts are to apply state procedural rules in diversity cases *only* when the federal rules of procedure do not address the situation presented." *Davis by Davis v. Jellico Community Hosp. Inc.*, 912 F.2d 129, 137 (6th Cir.1990), (citing *Hanna v. Plumer*, 380 U.S. 460, 470 (1965)) (emphasis added). In the present case, Local Rule 7.1(g)(3) for the Eastern District Court of Michigan addresses the situation presented. Accordingly, the state court procedural rule, Michigan Court Rule 2.116, does not apply.[2] Plaintiff's reliance on MCR 2.116 is an insufficient basis to demonstrate a misleading palpable defect and is not grounds to warrant reconsideration of the court's June 27, 2005 order.

Plaintiff's "Motion for Reconsideration" fails to set forth any other palpable defects that would justify the court's reconsideration of its prior order. The remainder of Plaintiff's motion merely discusses Plaintiff's counsel's busy trial schedule and contends that Plaintiff's counsel was not aware that the deadline had already passed before

---

[1] Counsel takes pains to say that he meant no disrespect for the court in failing to respond on time. Of this the court has no doubt.

[2] The court also notes that Plaintiff's counsel entitled his brief on the merits of the motion as Plaintiff's "*answer*" to Defendant's motion for "summary *disposition*." State law terminology used in place of the federal court conventions such as a "*response*" to a motion for "summary *judgment*," although of no particular significance in itself, may in this case be a further indication of counsel's conflation of state with federal procedural requirements.

3

Plaintiff filed its response, despite the court's two phone calls. (Pl.'s Mot. For Reconsideration at 2.)

Notwithstanding the above determination, the court has reviewed Plaintiff's "Brief in Support of Answer to Defendant's Motion to Dismiss and/or for Summary Disposition" and is not persuaded that the court's consideration of Plaintiff's arguments would result in a different disposition of the case.

First, Plaintiff's response fails to establish that Ms. Massey is a third-party beneficiary to Raytheon's snow removal contract pursuant to Michigan contract law. Under Michigan law, "[t]hird-party beneficiary status requires an express promise to act to the benefit of the third party; where no such promise exists, that third party cannot maintain an action for breach of the contract." *Dynamic Const. Co. v. Barton Malow Co.* 543 N.W.2d 31, 33 (Mich. Ct. App. 1995), (*citing Fishbach-Natkin, Inc. v. Shimizu America Corp.*, 854 F. Supp. 1294, 1303 (E.D. Mich. 1994)). *See also Riley v. Ameritech Corp.*, Inc., 147 F. Supp.2d 762, 774 (E.D. Mich. 2001) (reinforcing the need for an express promise); *Schmalfeldt v. North Point Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003) (the promisor must make a promise directly to or for the third-party). Although, a "third-party beneficiary may be a member of a class. . . the class must be sufficiently described. . ." and " this of course means that the class must be something less than the entire universe, e.g., the public. . . ." *Koenig,* 597 N.W.2d at 106 (internal quotations omitted).

Plaintiff's response fails to present the exchange of an express promise directly to or for the benefit of the Plaintiff. Instead, Plaintiff merely discusses how the snow removal contract benefits her (and all employees in the building). However, the mere

4

fact that a third-party incidentally benefits from a contract does not equate to third-party beneficiary status. *See Willis v. New World Van Lines, Inc.*, 123 F. Supp.2d 380, 381 (E.D. Mich. 2000). *See also Fultz v. Union-Commerce Assoc.,* 683 N.W.2d 587, 595 (Mich. 2004) *citing Koenig v. South Haven,* 597 N.W.2d 99, 105-106 (Mich. 1999).

Second, Plaintiff's response regarding its negligence claim fails to demonstrate that Raytheon "breached a duty separate and distinct from those assumed under the [snow removal] contract." *Fultz v. Union-Commerce Assoc.*, 683 N.W.2d 587, 589 (Mich. 2004). Plaintiff contends that Raytheon was negligent by placing a snow mound at the walkway entrance of Building 249, which later melted and re-froze into the ice which Ms. Massey slipped on. (Pl.'s Resp. at 7.) This argument presupposes that Plaintiff knew or should have known that the weather temperatures on the day in question would increase, allowing the snow to melt, then decrease, creating ice at the base of the walkway. However, the court finds this argument unconvincing and insufficient to demonstrate that consideration of it would likely "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Although Ms. Massey's injury may have been prevented if Raytheon had removed the ice that later formed at the base of the walkway, it does not appear that Raytheon was negligent for failing to do so. Raytheon had a contractual duty to remove snow and ice. If Raytheon failed to remove snow and ice this was merely a breach of contract and not a "duty separate and distinct from those assumed under the contract." *Fultz*, 683 N.W.2d at 589. Even if the court considered Plaintiff's "Brief in Support of Answer to Defendant's Motion to Dismiss and/or for Summary Disposition," it is unlikely to "result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Accordingly,

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion for Reconsideration" [Dkt. # 40] is DENIED.


                          S/Robert H. Cleland  
                          ROBERT H. CLELAND  
                          UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 3, 2005, by electronic and/or ordinary mail.


                          S/Lisa G. Teets  
                          Case Manager and Deputy Clerk  
                          (313) 234-5522